UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BRANDON McINTYRE, SHANE JENSEN, and LAMONT McGEE,<br><br>    Plaintiffs,<br><br>v.<br><br>ROBERT FENEIS, MARK UNER, and ANDY DARLING,<br><br>    Defendants. | Civil No. 08-267 (PJS/FLN)<br><br>**REPORT AND RECOMMENDATION** |

    This matter is before the undersigned United States Magistrate Judge on Plaintiffs' requests for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a). (Docket Nos. 2, 3 and 4.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiffs' respective IFP applications be denied, and that this case be dismissed without prejudice.

    Plaintiffs, three Minnesota state prison inmates, commenced this action by filing a complaint seeking relief for alleged violations of their federal constitutional rights. (Docket No. 1.) Plaintiffs did not pay the $350 filing fee required by 28 U.S.C. § 1914(a) when they commenced this action, but they instead filed the IFP applications that are now before the Court.

    Because Plaintiffs are prisoners, their IFP applications are subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA"). This means, inter alia, that each Plaintiff must pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

In this case, the initial partial filing fee that each Plaintiff is required to pay under the formula prescribed by § 1915(b)(1) is as follows: Plaintiff Brandon McIntyre – $1.30, Plaintiff Shane Jensen – $17.32, and Plaintiff Lamont McGee – $25.33.  However, none of the Plaintiffs tendered his initial partial filing fee with his IFP application.  Therefore, by order dated January 30, 2008, (Docket No. 5), Plaintiffs were directed to pay their initial partial filing fees within twenty days.  The Court's order expressly advised Plaintiffs that if they failed to pay the required amount within the time allowed, they would be deemed to have abandoned this action, and it would be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

The deadline by which Plaintiffs were required to pay their initial partial filing fees has now passed, and none of the Plaintiffs has tendered any payment, nor have any of them offered any excuse for failing to do so.  Indeed, Plaintiffs have not communicated with the Court at all since they filed this action.  Therefore, in accordance with the Court's prior order of January 30, 2008, it is now recommended that Plaintiffs be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).  See In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner action can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (federal court has inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"); Henderson v. Renaissance Grand Hotel, No. 07-1426, (8th Cir. 2008), 2008 WL 540172, (unpublished opinion) at *1 ("[a] district court has discretion to

dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order").

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' applications for leave to proceed in forma pauperis, (Docket Nos. 2, 3 and 4), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: March 13, 2008

              s/ *Franklin L. Noel*
              FRANKLIN L. NOEL
              United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **April 2, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.